UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL WOHL and
DIANA OSBORN,

CASE NO.: 1:08-CV-149

      Plaintiffs,

vs.

CITY OF GAINESVILLE and
JAMES L. GARRETT, SR.,

      Defendants.

_____/

## CITY OF GAINESVILLE'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

      Defendant, the City of Gainesville, ("City") files this answer to the allegations made in Plaintiffs' complaint.

1.      Admit for jurisdiction purposes only, otherwise deny.

2.      Admit for jurisdiction purposes only, otherwise deny.

3.      Without knowledge.

4.      Without knowledge.

5.      Admit.

6.      Admit that James L. Garrett, Sr. is employed by the City and that he is currently the Code Enforcement Manager for the City.  Otherwise, deny.

7.      Admit that Plaintiff Wohl has been employed by the City from on or about July 28, 2003 to the present, otherwise deny.

8.      Admit that Plaintiff Osborn has been employed by the City from on or about July 31, 1997 to the present, otherwise deny.

9.      Admit, that Plaintiffs are employed by the City as Code Enforcement Officers, otherwise deny.

10.     Deny.

11.     Deny.

12.     Defendant hereby re-alleges its responses to paragraphs 1–11 of Plaintiffs' complaint.

13.     Admit that the City is subject to the provisions of the FLSA, otherwise deny.

14.     Deny.

15.     Deny.

16.     Deny.

17.     Deny.

18.     Deny that Plaintiffs are entitled to the compensation they seek.

## Defenses and Affirmative Defenses

19.     The Plaintiffs received overtime pay for hours worked over forty (40) per workweek at a rate not less than one and one-half the regular rate of pay.

20.     The alleged overtime hours are not compensable hours under the Fair Labor Standards Act.

21.     The City had no knowledge that Plaintiffs were working overtime for which they were not compensated.

22.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

23.     Any violation of 29 U.S.C. §201, et. seq., if any, is de minimus.

24.     The City did not willfully violate the FLSA or show reckless disregard for whether its conduct was prohibited by the Act.  Therefore, the three year statute of limitations is

inapplicable.

25.     Plaintiffs' claims are barred in whole or in part by the applicable status of limitations.

26.     The City believed and believes in good faith, based on reasonable grounds, that its actions were in compliance with the FLSA.  Therefore, liquidated damages are improper.

27.     The Plaintiffs have received extra compensation for all known overtime hours they worked.

28.     If the City is liable for additional compensation to Plaintiffs, then it is entitled to a credit under the FLSA to any payment made in excess therein.

29.     Plaintiffs' recovery is barred by the doctrine of unclean hands.

30.     It is unclear from Plaintiffs' complaint if they mean to bring a retaliation claim. This claim is mentioned only once in the complaint and the Plaintiffs have alleged no set of facts to support this claim.   However, to any extent Plaintiffs are attempting to bring a claim of retaliation, they are not entitled to any relief.  Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), the Plaintiffs have failed to state a claim upon which relief may be granted.  The Supreme Court has held that complaints must show "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1995, 1974 (2007).  Here, the Plaintiffs cannot meet this standard because they have failed to allege any facts whatsoever regarding their claim of retaliation.  Therefore, in regard to retaliation, Plaintiffs fail to state a claim upon which relief may be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished, via U.S. Mail to Archibald J. Thomas, III, Attorney for Plaintiffs, Thomas & Klink, Suite 255, Quadrant

I, 4651 Salisbury Road, Jacksonville, Florida 32256 on this _____15th_____ day of July, 2008.

ELIZABETH A. WARATUKE, Litigation Attorney
Florida Bar No.: 0458007
Attorney for Defendants
City of Gainesville - Office of the City Attorney
200 E. University Avenue, Rm. 425
Gainesville, Florida 32601
Phone (352) 334-5011/ Fax (352) 334-2229